HARRY A. SIDES, APPELLEE, v. ADDIE O. SIDES, APPELLANT.

FILED APRIL 24, 1936. No. 29657.

*William P. Warner*, for appellant.

*George W. Leamer, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and FITZGERALD, District Judge.

GOOD, J.

This is an action for the partition of a 20-acre tract of land in Dakota county. Plaintiff alleged that he and the defendant were each the owner of an undivided half interest therein and prayed for partition in kind. Defendant answered, claiming ownership of the entire tract. A trial

of the issues resulted in a finding that plaintiff was the owner of an undivided half interest, and awarding partition in accord with prayer of petition. Defendant has appealed.

Prior to March 1, 1928, defendant was the owner of 220 acres of land in Dakota county. He was a widower and had two sons, one of whom is the plaintiff. One hundred and sixty acres of the land were encumbered by a mortgage for $12,000; a 40-acre tract encumbered by a mortgage for $4,500, and the 20-acre tract in controversy in this action was unencumbered. March 1, 1928, defendant and his two sons entered into a written contract whereby defendant agreed to convey to each of his sons a particularly described portion of the encumbered land. In that agreement it was provided that they should assume the existing mortgages, and provision was made as to the particular portion of the mortgage that each of the sons should assume. They also agreed to pay to the father $150 an acre for the land, less the amount of the encumbrance thereon, and each of the sons was to pay annually to the father $500, pursuant to the terms of the contract. The time of the last annual payment by each of the sons to the father would extend far beyond his expectancy of life. The contract further provided that, if any portion of the agreed price should remain unpaid at the time of grantor's death, each of the sons should be relieved of further payments.

Pursuant to this agreement, on the 5th of March, 1928, deeds were executed and delivered by the father to each of the sons, and mortgages were prepared and executed by the sons, securing the unpaid portion of the purchase price. On the 5th day of March another deed was executed by the father whereby he conveyed, without consideration, the 20-acre tract, involved in this action, to his two sons as tenants in common. At a later time, not disclosed by the record, Porter Sides, one of the sons, reconveyed his half interest in this 20-acre tract to his father.

It appears that the father and son Porter were engaged in cutting and marketing the timber on this 20-acre tract and had cut practically all of the timber on the north half

thereof when this action was begun. The trial court awarded the plaintiff the south half of the land on which the timber had not been cut and awarded to defendant the north half of the land on which he and his son had cut and marketed the timber.

It is the contention of the defendant that at the time he executed and delivered the deed to the 20 acres to his sons, without consideration, they at the same time orally agreed that they would reconvey to him this 20-acre tract whenever he needed or wanted the land, and that he had requested reconveyance from plaintiff, which plaintiff refused.

Defendant asserts that the decree of the trial court is not sustained by the evidence and is contrary to law. It is defendant's theory that the oral contract was proved; that there was a confidential relation existing between defendant and his sons; that they held title to the property in trust for him, and that refusal of the plaintiff to reconvey constituted at least a constructive fraud; that plaintiff, therefore, holds the title in trust and is bound to reconvey upon defendant's request.

There are a number of legal questions involved which we find it unnecessary to discuss or decide. The evidence respecting the oral contract to reconvey is in conflict. The contract, deeds and mortgages were drawn and signed in the office of Sidney Frum, a reputable practicing lawyer in Dakota county. Defendant testified that the oral agreement to reconvey was made in the presence of Mr. Frum in his office. The testimony of plaintiff's brother, Porter Sides, tends to support, to some extent at least, the contention of defendant. However, his evidence is so conflicting and contradictory that it is entitled to but little weight. Plaintiff testified that there was no such oral contract. Mr. Frum was called as a witness, and he testified that no such agreement was brought to his knowledge or attention, and, had it been, he would not have drawn a warranty deed without reservation.

From a consideration of all the evidence, we are unable

to say, on a trial *de novo,* that defendant has sustained the burden which the law casts upon him to establish the making of the oral contract. While the trial court was not specific in its findings, it reasonably appears that its decision was based upon the theory that the oral contract was not established by the evidence. Cases of this character are for trial *de novo,* but we have frequently held that where the evidence is in conflict we will take into consideration the fact that the trial court saw the witnesses and the manner in which they testified.

We are of the opinion that the oral contract to reconvey, was not satisfactorily established. It follows that plaintiff and defendant were each the legal owners of one-half interest in the particular tract. The judgment of the trial court in awarding partition seems to be in accordance with law and justice and is

AFFIRMED.